IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Noble,                               :
            Petitioner                    :
                                          :   No.  289 C.D. 2019
        v.                                :
                                          :   Submitted:  August 23, 2019
Pennsylvania Board of                     :
Probation and Parole,                     :
            Respondent                    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED:  November 18, 2019


Paul Noble (Noble) petitions for review of the February 22, 2019, decision of the Pennsylvania Board of Probation and Parole (Board) extending his maximum sentence date and recalculating his backtime sentence.  In its decision, the Board denied Noble credit that he alleged he was owed while at liberty on parole, while granting him credit for time he was incarcerated solely on the Board's detainer.


**Factual and Procedural Background**

Noble pled guilty to the manufacture, sale, delivery, or possession with intent to manufacture or deliver a controlled substance.  (Certified Record (C.R.) at 1-2.)    When initially sentenced, Noble's minimum sentence date was calculated as December 24, 2008, and his maximum date as December 24, 2011.  *Id*.

On August 13, 2007, Noble was released on parole for his first offense, conditioned on abstaining from all activities related to illicit drug manufacture, possession, sale, or use. (Supplemental Certified Record (S.C.R.) at 2A-3A.) Subsequently, as recorded on March 14, 2013, Noble was recommitted because he was convicted again under The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act),[1] and given a new maximum date of July 21, 2017. (S.C.R. at 4A.) At this point in time Noble had two relevant convictions in violation of the Drug Act, the first assigned Department of Corrections (DOC) number GL8106, and the second assigned DOC number LR9074. (C.R. at 1; 9.) On September 10, 2014, Noble was paroled on his first sentence while he was still detained at State Correctional Institution (SCI) – Albion serving time on his second sentence. (C.R. at 4.) Subsequently, he was paroled from his second sentence on December 28, 2015, and remained on parole until his most recent arrest. (C.R. at 14.)

On March 3, 2017 Noble was found with a large amount of crack cocaine. (C.R. at 20; 22.) On March 26, 2017, criminal charges were brought against Noble. *Id.* The Board issued a warrant to commit and detain Noble. (C.R. at 24; 86.) The Board provided Noble with a notice of charges and hearing. (C.R. at 28.) On March 31, 2017, Noble waived representation by counsel and a detention hearing. (C.R. at 25.) Noble posted bail on the criminal charges on May 15, 2017, and on November 26, 2017, the Board lifted its detainer. (C.R. at 86.) On April 23, 2018, Noble was sentenced to 12 to 24 months of incarceration on new drug charges. (C.R. at 41.) Noble did not dispute his conviction and waived his right to a revocation hearing. (C.R. at 44.) The Hearing Report reflects that "[Noble] has been returned on both numbers as a [convicted parole violator (CPV)] for new drug offenses. He just doesn't get it.

---

[1] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§780-101—780-144.

Because of his poor supervision history and because of the new conviction id [sic] identical to his instant offenses, he should NOT be given credit for time spent at liberty." (C.R. at 52.) Accordingly, the Board recalculated his maximum date to October 4, 2020. (C.R. at 89.)

On July 26, 2018, Noble submitted an administrative remedies form alleging he should have received credit for his time at liberty on parole and that his new maximum date was erroneously calculated. (C.R. at 76.) In support of these positions, Noble alleged that on December 28, 2015, he made parole with a maximum date of July 21, 2017, giving him "(19) months to max out state institution number GL8106," and that on March 24, 2017, 15 months following his release, he violated his parole and was placed on a parole detainer.[2] (C.R. at 77.) According to him, his GL8106 sentence "maxed out" on July 21, 2017, while he was serving time at SCI-Albion, and his LR9074 institution number expired on November 26, 2017. *Id.* He explained that his "street time" of 15 months, plus the remainder of his unexpired term of 4 months, equates to 19 months left to "max out" his GL8106 sentence. *Id.* However, he adduced that he should be given a 10-month credit, thereby reducing his sentence to 9 months remaining instead of the 24 determined by the Board. *Id.*

He further extrapolates that the order to recommit explaining that he owes "02Y 03M and 22D" in backtime is wrong because he was at liberty on parole for 15 months from December 28, 2015, to March 24, 2017, and explains that his total remaining time should only be 20 months because he is owed credit for 10 months for his time on parole. (C.R. at 78.) Finally, he alleges that the calculation should be from his second sentence, LR9074, not his first sentence at GL8106. *Id.*

---

[2] Noble asserts that he was at liberty on parole until March 24, 2017, however, the record reflects he was not arrested until March 27, 2017. (C.R at 55.)

3

In its decision, the Board explained that Noble was paroled on September 10, 2014, with a maximum date of July 21, 2017, leaving 1045 days on his sentence. (C.R. at 86.) The Board reasoned that its decision to recommit Noble as a CPV authorized the recalculation of his sentence to reflect that he received no credit for time spent at liberty on parole, citing Section 6138 (a)(2) of the Prisons and Parole Code.[3] *Id.* Notwithstanding, the Board clearly explained that Noble did not get credit for time at liberty on parole, but he received 203 days, credit for his confinement from May 15, 2017, to November 26, 2017, and from April 15, 2018, to April 23, 2018. *Id.* This credit reduced his maximum date by 842 days and the Board recalculated it to October 4, 2020. *Id.* The Board added that CPVs who are paroled from a state correctional institution and receive another sentence must serve the original sentence first, citing to section 6138(a)(5) of the Prisons and Parole Code.[4] (C.R. at 87.) The Board noted that

---

[3] Section 6138(a)(2) provides:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa.C.S. §6138(a)(2).

[4] Section 6138(a)(5) provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

**(Footnote continued on next page…)**

section 6138(a)(5) does not take effect until the parolee is recommitted as a CPV, and that Noble did not become available to begin service of his original sentence until June 15, 2018, thereby resulting in his new maximum date. *Id*.

## Discussion

On appeal,[5] Noble raises two issues. He argues that the Board erred in failing to award him credit for all of the time he spent in custody, as he was never at liberty on parole. In the course of his argument, Noble alleges that the Board does not have the authority to extend his judicially imposed sentence. We disagree.

## Extension of Sentence

Noble asserts that the Board does not have the authority to extend his judicially imposed sentence where he did not abscond or become a fugitive. (Noble's Brief at 5.) Noble's position is incorrect. Moreover, section 6138(a)(1) states as follows:

---

**(continued…)**

>  (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

>  (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. §6138(a)(5).

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa.C.S. §6138(a)(1). This Court has previously considered and rejected this argument. *See Green v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 725 C.D. 2017, filed Apr. 19, 2018), (rejecting the argument that a parolee who has not absconded and been declared delinquent should not have his maximum date extended); *Vann v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018) (rejecting the argument that a parolee must be a fugitive or abscond to justify the extension of his sentence).[6]

As a CPV, Noble is undoubtedly under the Board's jurisdiction and section 6138 controls here. Noble's position that the Board cannot recalculate his sentence is also incorrect. Section 6138(a)(2) provides that "[i]f the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve"; this provision, of course, requires the Board to recalculate a sentence. 61 Pa.C.S. §6138(a)(2). The Board's recalculation of a parolee's maximum sentence is not a modification of his judicially imposed sentence, but a requirement to serve his entire original sentence. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 834, 845-48 (Pa. 1979).

---

[6] *Vann* and *Green* are unreported opinions. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

## Credit

Noble urges that he is entitled to credit for his time on parole. There are two periods of parole at issue in this case. The first is Noble's parole period that began on September 10, 2014, where he was paroled on his first case while remaining incarcerated at SCI – Albion serving time on his second case. Subsequently, he was paroled on his second case on December 28, 2015, and remained on parole until his arrest on March 27, 2017.

Initially, we note that the statutory structure in section 6138 clearly explains the Board's obligation regarding credit:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole*.
>
> (2.1) *The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole*, unless any of the following apply:
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

7

61 Pa.C.S. §6138(a)(2), (2.1) (emphasis added). The exceptions in section 6138(2.1) are not implicated here. In other words, no credit shall be given, as a matter of right, for the time at liberty on parole. Nevertheless, the Board in its discretion may award credit to a CPV, absent circumstances not implicated here. *See, e.g.*, *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474 (Pa. 2017) (explaining that the Board has discretion to award credit for time spent at liberty on parole to a CPV recommitted to serve the remainder of his sentence unless otherwise enumerated in the statute). The Supreme Court also explained that "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id*. at 474.

Constructive parole is the situation that occurs where an offender is released on parole from one sentence, but is not released from confinement, and then commences serving a second unrelated sentence. *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 383 (Pa. 1980); *Spruill v. Pennsylvania Board of Probation and Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017). The offender is considered to be "at liberty" from that first sentence despite being held in custody as a result of a separate and unrelated sentence.[7] *Spruill*, 158 A.3d at 730. Our Supreme Court has stated, "one who is on constructive parole is at liberty on parole on that particular sentence, and is not entitled to credit against his original sentence for his time spent on constructive parole." *Merritt v. Pennsylvania Board of Probation and Parole*,

---

[7] Learned scholar, Timothy P. Wile, explains, "Constructive parole is considered as 'time at liberty' on parole for purposes of section 6138(a) of the Prisons and Parole Code, or 'street time,' for purposes of determining to what credit an offender is due against a maximum sentence upon recommitment as a parole violator." Timothy P. Wile, West's Pennsylvania Practice Pennsylvania Law of Probation and Parole 89 (3d ed 2010).

8

574 A.2d 597, 598 (Pa. 1990).[8]  Being "'at liberty on parole' is not liberty from all confinement but at liberty from confinement on the particular sentence for which the convict is being reentered as a parole violator."  *Cox v. Pennslyvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985) (quoting *Commonwealth ex rel. Haun v. Cavell,* 154 A.2d 257, 261 (Pa. 1959)).  However, time spent in custody serving a particular sentence may only be credited against that sentence.  *Spruill*, 158 A.3d at 731 (citations omitted).[9]

Here, based on these legal principles, Noble was considered to be at liberty on parole from September 10, 2014, until March 27, 2017.  Noble was constructively paroled for 474 days from September 10, 2014, until December 28, 2015.  Noble was then at liberty on parole for 455 days from December 28, 2015, until March 27, 2017.  At the time of his arrest on March 27, 2017, Noble had 116 days left to complete his GL8106 sentence, which was to expire on July 21, 2017.

As explained in *Merritt, Hines*, and *Spruill*, Noble was considered to be "at liberty" on parole while he was constructively paroled from September 10, 2014, to December 28, 2015.  Precedent is clear that Noble is not entitled to credit against his original sentence for his time spent on constructive parole.  Therefore, Noble is not entitled to credit for the 474 days that he was constructively paroled on his original sentence.  Further, while section 6138 allows the Board, in its discretion, to award

---

[8] *See, e.g.*, *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998) (denying parolee credit for time he was constructively paroled); *Rosenberger v. Pennsylvania Board of Probation and Parole*, 510 A.2d 866, 867 (Pa. Cmwlth. 1986) (finding that a parolee confined to a federal facility is still at liberty on parole when constructively paroled from a state sentence).

[9] In other words, "a convicted parole violator is not entitled to credit for time spent on constructive parole from his sentence when continuing to serve another concurrent sentence because he is not serving the time on his sentence from which he was paroled." *Spruill*, 158 A.3d at 731.

credit for this time, they are not required to do so. However, pursuant to *Pittman*, the Board is required to articulate its reason for denying credit for time at liberty on parole. Here, with respect to the remaining 455 days spent on parole, the Board explained, consistent with *Pittman*, why it chose not to exercise its discretion and award him credit. Specifically, the Board noted Noble's poor supervision history and a new conviction identical to his latest offense, as reasons why he should not be given credit. These reasons are sufficient to satisfy the requirements of *Pittman*. Thus, the Board properly exercised its discretion pursuant to section 6138(a)(2.1) of the Prisons and Parole Code.

Accordingly, we affirm the decision of the Board that Noble is not entitled, as a matter of right, to credit for the days in which he was constructively or actually paroled.

_____
PATRICIA A. McCULLOUGH, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Noble, : 
        Petitioner : 
         :   No. 289 C.D. 2019
        v. : 
         : 
Pennsylvania Board of : 
Probation and Parole, : 
        Respondent : 

## ***ORDER***

AND NOW, this 18th day of November, 2019, the decision of the Pennsylvania Board of Probation and Parole mailed February 22, 2019, is affirmed.

_____

PATRICIA A. McCULLOUGH, Judge