# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Warring,              :
         Petitioner        :
                                 :
       v.                      :   No. 508 C.D. 2019
                                 :   SUBMITTED: November 15, 2019
Pennsylvania Board of Probation    :
and Parole,                      :
           Respondent       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                                      FILED: May 4, 2020

Petitioner Sean Warring (Warring) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) March 28, 2019 ruling affirming its November 6, 2018 decision, through which the Board recommitted Warring as a convicted parole violator (CPV) to serve 12 months of backtime and recalculated his maximum parole violation date as April 4, 2024. Warring's counsel, Christopher E. Farrell, Esquire (Counsel), has submitted an amended Petition for Leave to Withdraw as Counsel (Amended Petition to Withdraw) along with a revised no-merit letter.[1] Counsel contends the arguments raised by Warring are frivolous and without

---

[1] Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Commonwealth v. Porter*, [. . .] 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case

merit. After thorough consideration, we grant Counsel's Amended Petition to Withdraw and affirm the Board's March 28, 2019 ruling.

## I. Background

On October 11, 2007, Warring pled guilty in the Court of Common Pleas of Wayne County (Trial Court) to one count of robbery and was sentenced to a carceral term of 3 to 12 years in state prison. Certified Record (C.R.) at 1. He was subsequently paroled on January 25, 2010, at which point the maximum date on his 2007 sentence was May 10, 2017. Supplemental Certified Record (S.C.R.) at 4A-11A.

On January 1, 2012, Warring was arrested in Hawley Borough, Pennsylvania, and charged with one count each of aggravated assault, simple assault, resisting arrest, harassment, disorderly conduct, and public drunkenness. *Id.* at 27A-31A. In response, the Board issued a detainer for Warring on January 3, 2012. *Id.* at 35A. On July 9, 2012, Warring pled guilty in the Trial Court, to two charges stemming from this incident: simple assault and resisting arrest. *Id.* at 38A-39A. The Board then held a parole revocation hearing and, on October 15, 2012, ordered Warring to serve nine months of backtime as a CPV, "when available pending sentencing on" Warring's July 2012 guilty plea. *Id.* at 40A-53A. On November 29, 2012, the Trial Court sentenced Warring to an aggregate carceral term of 18 to 48 months in state prison, to be served consecutively to his 2007 sentence. *Id.* at 67A, 81A. On March

---

*Commonwealth v. Finley*,[. . .] 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter")[, referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)]; *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

28, 2013, the Board modified its October 15, 2012 decision by recalculating the maximum date on Warring's 2007 sentence as January 23, 2020. *Id.* at 90A. Warring was paroled from his 2007 sentence on November 25, 2013 and subsequently paroled from his 2012 sentence on August 27, 2015. C.R. at 7, 18.

On November 7, 2017, Warring was arrested by the Pennsylvania State Police in Honesdale, Pennsylvania, and charged with one count each of simple assault and harassment. *Id.* at 34. The Board issued a detainer for Warring that same day. *Id.* at 55. On December 29, 2017, Warring posted bond regarding the charges stemming from the Honesdale arrest. *Id.* at 83. On August 22, 2018, Warring pled *nolo contendere* in the Trial Court to one count of simple assault and was sentenced to three to six months in county prison on August 30, 2018, to be served concurrently with his 2012 sentence. *Id.* at 85-86.

Warring waived his right to counsel, as well as to a parole revocation hearing, and admitted to the veracity of his 2018 conviction on September 13, 2018. *Id.* at 63-64. He was then paroled from his 2018, county-level sentence on October 7, 2018. *Id.* at 75. On November 6, 2018, the Board issued a decision in which it ordered Warring to serve 12 months of backtime as a CPV and recalculated the maximum date on his 2007 sentence as April 4, 2024. *Id.* at 94-95. The Board also stated that it declined to award Warring credit for street time because his "new conviction [was] assaultive in nature." *Id.* at 94.

On December 3, 2018, Thomas J. Killino, Esquire, faxed an administrative remedies form to the Board on behalf of Warring. *Id.* at 99. Therein, Warring claimed that the Board had improperly calculated both his street time and his maximum date. *Id.* at 100. Warring argued that he had been incarcerated between November 25, 2013, and August 27, 2015, and, thus, he was not at liberty on parole

3

during that time window. *Id.* As a result, Warring believed the maximum date on his 2007 sentence should actually be set as an unspecified date in 2021, rather than April 4, 2024. *Id.* In addition, Warring stated that "both sides [had] anticipated . . . that any sentence would be concurrent to anything else being served" and, therefore, he "should have [received] time credit from 11/7/17 to 11/1/18 and be eligible for immediate parole." *Id.* at 100-01. It is not clear exactly what Warring means by "both sides" or the specific sentence to which he refers. *Id.*

The Board responded on March 28, 2019, via a letter in which it affirmed its November 6, 2018 decision. Therein, the Board explained that Warring's 2007 sentence had 2250 remaining days when he was paroled on November 25, 2013. *Id.* at 112. The Board stated it had acted within its discretion by denying him credit for time served at liberty on parole but had awarded him 244 days of credit for the time he was held solely on the Board's detainer prior to the disposition of his 2017 charges. *Id.* Accordingly, Warring now had 2006 days left on his 2007 sentence. *Id.* Given that Warring was statutorily required to serve the county-level sentence imposed in August 2018 prior to his Board-imposed backtime, the Board concluded that Warring was not available to start serving this backtime until October 7, 2018 (*i.e.*, the date upon which he was paroled from this county-level sentence). *Id.* at 113. The Board then concluded that it had properly calculated Warring's maximum date as April 4, 2024. *Id.*

On April 28, 2019, Counsel, who by then had been appointed to represent Warring, filed a Petition for Review with our Court on behalf of Warring.[2] Therein, Warring argued that the Board had abused its discretion by failing to properly credit

_____

[2] Warring's Petition for Review was timely, as the final day of the appeal window fell on a weekend and the Petition for Review was filed on the first business day thereafter. *See* Pa. R.A.P. 108(a) and Note.

him for the time period in which he was detained, recalculating his maximum date, and not providing a sufficient explanation for its decision not to award him credit for street time. Petition for Review, ¶¶3-4.

On September 9, 2019, Counsel filed a Petition for Leave to Withdraw as Counsel and a no-merit letter. On December 9, 2019, we ordered the Board to file a supplemental certified record, as there were a number of items missing from the original Certified Record. Commonwealth Ct. Order, 12/9/19, at 1. We also directed Counsel to submit either an amended petition for leave to withdraw as counsel and a revised no-merit letter, or a substantive brief, within 20 days of the Board's filing of this supplemental certified record. *Id.* The Board complied with our order on December 17, 2019.

Counsel then filed his Amended Petition to Withdraw and revised no-merit letter on January 21, 2020. In his Amended Petition to Withdraw, Counsel stated that he had reviewed all of the relevant records and had concluded "that there is no merit to [Warring's] Petition for Review." Amended Petition to Withdraw, ¶6. In addition, Counsel identified four issues as having been raised by Warring, regarding "his street time credit, his new maximum date, credit for his incarceration[,] and his request for immediate parole." *Id.*, ¶5. In his revised no-merit letter, Counsel provided a thorough recapitulation of Warring's criminal record and the resultant Board actions. No-Merit Letter at 1-4. Counsel also explained, in some detail, why each of the arguments made by Warring was without merit. *Id.* at 4-7.

On January 28, 2020, we granted Counsel's Application for Extension of Time to File Brief, which he had filed concurrently with the Amended Petition to Withdraw and revised no-merit letter, thereby giving Warring until February 27,

5

2020, to obtain new counsel and/or file a *pro se* brief, if he so chose. Commonwealth Ct. Order, 1/28/20, at 1. Warring did not avail himself of this opportunity.

## II. Technical Sufficiency of Counsel's No-Merit Letter

Before addressing the validity of Warring's substantive arguments, we must assess the adequacy of Counsel's revised no-merit letter. Throughout this process, Warring has only sought to challenge the Board's calculation of his maximum date, its imposition of backtime, and its determinations regarding credit for various periods during which Warring was either on the street or in carceral detention. For this reason, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010). "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Turner*, 544 A.2d at 928) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, in the event the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Counsel's revised no-merit letter satisfies these technical requirements. It contains a recitation of the relevant factual and procedural history, discussions of each argument raised by Warring, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Warring a valid basis for relief. Further, Counsel has appropriately provided Warring with copies of these documents, notified Warring about Counsel's intentions, and

6

informed Warring of his right to hire another lawyer to represent him in this matter or to proceed in a *pro se* fashion. Consequently, we will conduct an independent examination of Warring's Petition for Review, in order to determine whether any of his claims are meritorious.[3]

### III. Discussion and Analysis

The arguments put forth by Warring do not stand up to scrutiny and, therefore, he is not entitled to relief. As already noted, the Board paroled Warring from his 2007 sentence on November 25, 2013. At that point, the maximum date on this sentence was January 23, 2020. The remaining unserved time on Warring's 2007 sentence when he was paroled in November 2013 was thus 2250 days. This parole was *constructive* in nature, as Warring immediately began serving his 2012 sentence that was *consecutive* to his 2007 sentence. *See Spruill v. Pa. Bd. of Prob. & Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017). As a result, Warring was not entitled to any credit towards his 2007 sentence for the time between November 25, 2013, and August 27, 2015, *i.e.*, the dates upon which he was respectively paroled from his 2007 and 2012 sentences. *Merritt v. Pa. Bd. of Prob. & Parole*, 574 A.2d 597, 598 (Pa. 1990); *Spruill*, 158 A.3d at 730-31.

Moving on, when an individual is held in custody on both the Board's detainer and new criminal charges, all credit for this time will be applied towards a carceral sentence stemming from the new charges.[4] *Gaito v. Pa. Bd. of Prob. & Parole*, 412

---

[3] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Warring's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

[4] If the time spent by the individual in presentence detainment exceeds the length of his new sentence, the remaining balance must then be applied to the older sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003).

A.2d 568, 571 (Pa. 1980). However, if an individual is held *only* due to the Board's detainer, then that period of detainment must be applied to the older sentence from which the Board's detainer springs. *Id.* When Warring was arrested in Honesdale, Pennsylvania, on November 7, 2017, he was immediately held on both the charges stemming from that arrest and on the Board's detainer. This changed on December 29, 2017, when he made bail on the November 2017 charges. Warring was thus held solely on the Board's detainer between that date and his sentencing on August 30, 2018. The Board properly credited Warring for that 244-day time period and, as such, correctly calculated the balance of his 2007 sentence as being 2006 days.

Finally, it is well-settled that Board-imposed backtime must be served consecutively with any other carceral sentences. *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016); 61 Pa. C.S. § 6138(a)(5). Furthermore, the Trial Court ordered Warring to serve his 2018, county-level sentence concurrently with his 2012 sentence, but *did not* direct that this 2018 sentence *also* be served concurrently with Warring's 2007 sentence. Accordingly, the Board appropriately deemed October 7, 2018, the date upon which Warring was paroled from his 2018 sentence, as being when Warring was available to start serving his backtime and the point from which the maximum date for his 2007 sentence should be recalculated. Adding 2006 days to October 7, 2018, results in a new maximum date of April 4, 2024, confirming the Board's identical conclusion.

As for Warring's remaining argument, regarding the Board's alleged failure to offer a sufficient explanation for its decision to deny him credit for street time, we note that he failed to raise it at the administrative level before the Board. Therefore, Warring cannot challenge the Board's March 28, 2019 ruling before our Court on this basis, as he has waived this argument. 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551;

8

*McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).[5]

## IV. Conclusion

Because Counsel's revised no-merit letter is technically sufficient and Warring failed to preserve or raise any meritorious issues, we grant Counsel's Amended Petition to Withdraw and affirm the Board's March 28, 2019 ruling.

_____
ELLEN CEISLER, Judge

---

[5] This argument is also substantively baseless, as the Board explained in its November 6, 2018 decision that it had declined to award Warring credit for street time because his "new conviction [(*i.e.*, simple assault) was] assaultive in nature." C.R. at 94. This explanation, though brief, satisfied the Board's statutory obligation to explain the reasoning behind this discretionary denial. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017); 61 Pa. C.S. § 6138(a)(2.1). As our Supreme Court has explained, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Pittman*, 159 A.3d at 475 n.12.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Warring,                                    :
                    Petitioner                   :
                                                 :
         v.                                      :   No. 508 C.D. 2019
                                                 :
Pennsylvania Board of Probation                  :
and Parole,                                      :
                    Respondent                   :

# **O R D E R**

AND NOW, this 4th day of May, 2020, Christopher E. Farrell, Esquire's amended Petition for Leave to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's March 28, 2019 ruling is AFFIRMED.

_____
ELLEN CEISLER, Judge