IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph R. Spruill,                                :
                    Petitioner                   :
                                                  :
             v.                                   : No. 1478 C.D. 2016
                                                  : Submitted: March 17, 2017
Pennsylvania Board of Probation                   :
and Parole,                                       :
                    Respondent                    :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED: April 7, 2017


        Joseph R. Spruill (Parolee) petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's order recalculating his maximum sentence following his recommitment as a convicted parole violator (CPV). We affirm.


**I.**

        Parolee is an inmate currently incarcerated at the State Correctional Institution at Huntingdon (SCI-Huntingdon). On August 11, 2009,[1] following his guilty plea to carrying a firearm without a license, possession of a controlled

---

[1] On May 1, 2009, Parolee was originally sentenced by the trial court to a minimum term of 42 months and a maximum term of 84 months. This sentence was vacated after his *pro se* motion for reconsideration was granted.

substance and possession of an instrument of crime with intent, Parolee was resentenced by the Court of Common Pleas of Philadelphia County (trial court) to a term of two to four years. Because he previously pled guilty to one count of possession of a firearm by a convicted felon in the United States District Court (district court) involving the same incident,[2] the trial court's sentence ran concurrent to a federal sentence[3] of 42 months imprisonment followed by 36 months supervised release.[4] The credited start date for both sentences was March 4, 2008, and Parolee was sent to a state correctional facility to serve his state sentence.[5]

---

[2] 18 U.S.C. § 922(g)(1).

[3] 42 Pa.C.S. § 9761(b) provides, in relevant part, that "[i]f the defendant is at the time of sentencing subject to imprisonment under the authority of any other sovereign, the court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence."

[4] The Sentencing Reform Act of 1984 (SRA), *as amended*, 18 U.S.C. §§ 3551–3742 and 28 U.S.C. §§ 991–998, created the federal sentencing guidelines system, eliminated most forms of parole and established supervised release. Supervised release is a type of post-confinement monitoring that is overseen by federal district courts with the assistance of federal probation officers rather than by the United States Parole Commission. *Gozlon-Peretz v. United States*, 498 U.S. 395 (1991). While on supervised release, an offender is required to abide by certain conditions, some mandated by statute and others imposed at the court's discretion. If an offender violates a condition, a court is authorized (and, in some cases, required) to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . without credit for time previously served on post[-]release supervision. . . ." 18 U.S.C. § 3583(e)(3).

[5] State authorities retain primary jurisdiction over the prisoner and federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation. The sovereign which first arrested the offender has primary jurisdiction over the offender unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of the state charges, parole release or expiration of the state sentence. *See United States v. Cole*, 416 F.3d 894 (8th Cir. 2005); *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980).

On May 20, 2010, Parolee was constructively paroled from SCI-Huntingdon to the federal detainer sentence to which his state conviction ran concurrent. Parolee remained under this federal detainer and then in a "Community Corrections Center [(CCC)] in Philadelphia under his federal sentence"[6] until April 20, 2011, when he began his federally-supervised release.

On November 4, 2011, the Board was notified that Parolee had been arrested in New Jersey for possession with intent to deliver drugs, possession of a firearm, resisting arrest and aggravated assault. He did not post bail on these charges. On June 14, 2012, Parolee was sentenced by the Superior Court of New Jersey to a term of five years, consecutive to his federal sentence, with 235 days credit for time served – *i.e.*, his arrest date on October 23, 2011, through June 14, 2012. The Board then issued a detainer for Parolee.[7] On November 13, 2015, New Jersey notified Pennsylvania that Parolee was going to be released on parole at the end of the month and provided a waiver of extradition. On the same day of his release, November 30, 2015, he was returned to Pennsylvania custody.

On February 10, 2016, the Board recommitted Parolee as a CPV with 12 months backtime and a maximum sentence date of September 14, 2017. Parolee

---

[6] (Board's Brief at 2.)

[7] Following the issuance of an Amended Petition for Warrant or Summons for Offender under Supervision and Parolee's admission to committing another crime in violation of the terms of the federal supervised release, on June 7, 2012, the district court entered judgment against Parolee committing him to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months.

timely filed a *pro se* administrative appeal with the Board challenging the recalculation of his new maximum sentence date. As pertinent, Parolee contended:

> I am appealing my green sheet due to miscalculated max date. . . . I was paroled [from the state conviction] on [May 20, 2010] to the concurrent federal sentence. . . . Then I returned back to PA Jurisdiction on March 22, 2011 to go to Liberty Management halfway house. . . . Then I was released from custody on April 20, 2011 to start [federal] supervised release and I started my [New Jersey] parole on [April 26, 2011].

(Certified Record (C.R.) at 101.) His administrative appeal was denied because Parolee automatically forfeited credit for the time while constructively paroled and, as a result, 654 days remained on his original sentence. This appeal followed.[8]

## II.

On appeal, Parolee only contends that the Board erred by not counting against his state sentence the approximately 11 months' time he served under his federal sentence that the trial court stated was to run concurrently with his state sentence, instead treating that time as backtime because he was a convicted parole violator. The issue then is whether a person at liberty on constructive parole from an original sentence receives credit against that sentence by time served on his concurrent sentence, notwithstanding the fact that he was a convicted parole violator for his original sentence.

---

[8] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 42 Pa.C.S. § 704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

4

A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence. *See Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 (Pa. 1990); *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 383 (Pa. 1980). Where an individual has been constructively paroled, "he is nonetheless 'at liberty' from the original sentence from the time he begins to serve the new sentence." *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998). Under 61 Pa.C.S. § 6138(a)(2),[9] a parolee's time under constructive parole is forfeited upon his recommitment as a convicted parole violator. *Bowman*, 709 A.2d at 948.

In *Merritt v. Pennsylvania Board of Probation and Parole*, 539 A.2d 511 (Pa. Cmwlth. 1988), *aff'd*, 574 A.2d 597 (Pa. 1990), we addressed whether a parolee is entitled to credit for time served for a concurrent sentence while constructively paroled from an original sentence. In that case, a parolee was serving an original sentence and two subsequent sentences that were all concurrent. After being constructively paroled from his original sentence, parolee began serving the minimum terms for the remaining sentences from which he was also later paroled. While paroled, however, he was subsequently recommitted as a convicted parole violator based upon a new criminal conviction. The Board denied parolee credit for the period of time that he was constructively paroled from his first sentence and serving the concurrent sentences.

---

[9] Section 6138(a)(2) of the Prisons and Parole Code (Code) provides, in pertinent part, that a parolee who is recommitted as a convicted parole violator "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2).

5

On appeal, we held that the Board properly denied parolee credit against his original sentence for the period in which he was constructively paroled from that sentence. We noted that notwithstanding that our case law was limited to instances where we upheld "the denial of credit for constructive parole time in **consecutive** sentence situations," we concluded that "[t]he fact that [parolee's] sentences were **concurrent** does not alter our conclusion." *Id*. at 512 (emphasis in original). Affirming, our Supreme Court adopted our reasoning, stating that we "properly affirmed the Board's determination that [parolee] was not entitled to a credit for time served while on constructive parole." *Merritt*, 574 A.2d at 598. As our Supreme Court explained, "one who is on constructive parole is at liberty on parole on that particular sentence, and is not entitled to credit against his original sentence for time spent on constructive parole." *Id.*

What *Merritt* teaches us is that when calculating a sentence under this provision, only time spent in custody serving that sentence is considered time served. One cannot "equate time served on parole with time served in an institution. Mere lapse of time without imprisonment . . . does not constitute service of sentence. . . . It does not set aside or affect the sentence." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 846-47 (Pa. 1979) (internal quotations and citations omitted). As a result, a convicted parole violator is not entitled to credit for time spent on constructive parole from his sentence while continuing to serve another concurrent sentence because he is not serving the time on his sentence from which he was paroled. Because Parolee could not serve his state sentence while simultaneously being at liberty from it, his time served under the federal detainer cannot be credited toward that state sentence.

6

Accordingly, we affirm the Board's decision.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph R. Spruill, : 
          Petitioner : 
           : 
          v. : No. 1478 C.D. 2016
           : 
Pennsylvania Board of Probation : 
and Parole, : 
          Respondent : 

# **O R D E R**

AND NOW, this 7th day of April, 2017, the order of the Pennsylvania Board of Probation and Parole dated August 4, 2016, is affirmed.

_____
DAN PELLEGRINI, Senior Judge