J-S15013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BENJAMIN EASLEY | |
| Appellant | No. 1729 EDA 2016 |

Appeal from the Judgment of Sentence May 10, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005981-2012

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 24, 2017**

Benjamin Easley appeals from his judgment of sentence of two-and-one-half to five years incarceration imposed after he entered a negotiated guilty plea to dealing in proceeds of unlawful activity.  We affirm.

The following facts underlie this matter.  While residing in Washington D.C. in November of 2010, Appellant compelled his then-girlfriend, Makuyo Nettey, to purchase a 2008 Range Rover.  Appellant assured Ms. Nettey that he would make payments on the car, but represented to her that he could not purchase it himself due to a hold on his credit.  The Range Rover was titled in Ms. Nettey's name.  Appellant made a single payment on the vehicle loan in January 2011.  That month, Ms. Nettey also gave Appellant permission to drive the car.  Beginning in February of that year, and

continuing for many months afterward, Appellant refused to relinquish the car to Ms. Nettey, despite her many requests that he do so. In June of 2011, Ms. Nettey reported the vehicle stolen with the Washington D.C. metropolitan police. Subsequently, after learning that Appellant had titled the vehicle in his name in this Commonwealth, she filed an additional police report in Pennsylvania.

In order to title the car in Pennsylvania, Appellant first "washed" the title of a 1999 Ford Econoline Van in New Jersey by removing the original vehicle's information on the title and replacing it with that of the 2008 Range Rover in his own name. Appellant then sold the car to a Pennsylvania car dealer. Appellant's deception was discovered when the vehicle was determined to be stolen by an auto body shop in Newtown Square, Delaware County.

Appellant faced numerous charges in both State and Federal courts. On June 30, 2015, Appellant entered a negotiated guilty plea in state court. Sentencing was deferred pending resolution of his federal claims. Ultimately, Appellant was convicted in federal court for bank fraud, conspiracy, and identity theft, and sentenced to an aggregate sentence of twelve years imprisonment, plus five years probation.

On May 10, 2016, after the imposition of his federal sentence, Appellant was permitted to withdraw his original guilty plea, and entered a re-negotiated guilty plea to one count of dealing in the proceeds of unlawful

activity. The trial court conducted the mandatory colloquy and accepted his guilty plea. The court proceeded immediately to sentencing and imposed a sentence, in accordance with the terms of the negotiated plea agreement, of two-and-one-half to five years incarceration to run concurrently with Appellant's federal sentence.

Appellant was released to federal custody. While in federal custody, the Federal Bureau of Prisons determined that Appellant's federal sentence would run consecutively to his state sentence. Thereafter, Appellant was transferred into state custody to serve his state sentence, after which he was to be remanded to federal prison to serve his federal sentence.[1] Appellant filed a timely notice of appeal on June 9, 2016, but did not file a post-sentence motion. He complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The court authored a Rule 1925(a) opinion. This matter is now ready for our review.

_____

[1] Although the record is not clear on this point, presumably, the Federal Bureau of Prisons has not designated the state facility in which Appellant is housed as his federal place of imprisonment pursuant to its power under 18 C.F.R. § 0.96(c), since it determined that his sentences were to run consecutively, and then transferred him into state custody. As long as the Commonwealth retains primary jurisdiction over Appellant, his federal sentence will not begin until the state relinquishes its custody over Appellant. *Spruill v. Pennsylvania Board of Probation and Parole*, 158 A.3d 727, 729 n.5 (Pa.Cmwlth. 2017) (noting, "State authorities retain primary jurisdiction over the prisoner and federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.").

Appellant lodges a single complaint for our consideration: "Whether [Appellant] is entitled to relief from a negotiated plea that was not entered knowingly and intelligently because [Appellant], his counsel, and the trial court thought [Appellant] was entering into the plea agreement with the belief that his state sentence would run concurrently with his federal sentence?" Appellant's brief at 2.

In order to successfully withdraw a guilty plea after a sentence has been imposed, a defendant must demonstrate "prejudice on the order of manifest injustice[.]" *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa.Super. 2013). We have previously held that "[a] plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id*. (citation omitted).

Appellant wholly relies on this rubric to argue that he entered his guilty plea unknowingly. He claims that his plea constituted manifest injustice since the Federal Bureau of Prisons subsequently determined that his federal sentence would run consecutively to his state sentence despite the express and contrary terms of his negotiated guilty plea. He maintains that he accepted the Commonwealth's plea agreement based on its promise that his sentences would run concurrently, and learned only after sentencing that the court lacked the power to bind the federal courts in this way. Insofar as Appellant relies on the supposed infirmity of his plea as a basis for vacating his judgment of sentence, we find this issue waived.

We have long held that "[a] defendant wishing to challenge the [validity] of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Lincoln*, *supra* at 609-610; Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Although Appellant apparently did not receive the benefit of his bargain, he did not lodge any objections during his plea colloquy or file a post-sentence motion to withdraw his guilty plea. Hence, this issue has not been preserved for review.

However, Appellant does not rely on his purportedly unknowing guilty plea solely as a means to vacate his judgment of sentence. He also asserts that, because his plea constituted manifest injustice, this Court should enter an order requiring his state and federal sentences to be run concurrently. While Appellant does not explicitly develop this argument, he seems to be contending that this Court should specifically enforce the parties' plea agreement. *See e.g. Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa.Super. 2013) (holding that bargained for plea condition that defendant did not have to register as a sex offender was specifically enforceable). Nonetheless, unlike the negotiated plea provision in *Hainesworth*, this Court lacks the power to grant Appellant his requested relief. *Commonwealth v. Mendoza*, 730 A.2d 503, 504 n.2 (Pa.Super. 1999) *citing Barden v. Keohane*, 921 F.2d 476 (3d. Cir. 1990) ("neither the federal court nor the [Federal Bureau of Prisons] are bound in any way by

the state court's direction that the state and federal sentences are run concurrently."); *see* U.S. Const. Article VI, cl. 2. The commencement of a federal sentence and designation of a defendant's place of confinement are matters delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; 18 U.S.C. § 3621. As we cannot direct the sentencing and confinement decisions of the federal courts or the Federal Bureau of Prisons, we are unable to grant Appellant relief.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017

_____

[2] Appellant may still pursue the withdrawal of his guilty plea premised upon a claim of ineffectiveness of counsel on collateral review pursuant to the PCRA.