# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Clarence Smeltzer,        :
              Petitioner       :
                            :
          v.                  :
                            :
Pennsylvania Board of Probation and   :
Parole,                   :   No. 1049 C.D. 2019
              Respondent    :   Submitted: July 17, 2020

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                FILED: August 19, 2020

Daniel Clarence Smeltzer (Smeltzer), pro se, petitions this Court for review of the Pennsylvania Board of Probation and Parole's[1] (Board) July 8, 2019 order (Order) dismissing his administrative appeal as untimely. There are two issues before this Court: (1) whether the Board properly concluded that Smeltzer's request for administrative relief was untimely; and (2) whether the Board erred by not crediting Smeltzer with time spent on constructive parole.[2] After review, we affirm.

On January 3, 2011, Smeltzer was sentenced to 3 to 6 years of incarceration for robbery and criminal conspiracy (Original Sentence). *See* Certified

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[2] "A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence." *Spruill v. Pa. Bd. of Prob. & Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017).

Record (C.R.) at 1. On August 18, 2016, the Board paroled Smeltzer to a state detainer sentence.[3] *See* C.R. at 6. At that time, his Original Sentence maximum release date (maximum date) was November 7, 2018. *See* C.R. at 4-6. On July 15, 2017, the Board paroled Smeltzer from the state detainer sentence. *See* C.R. at 18. On October 2, 2017, new criminal charges were filed against Smeltzer, and the Board issued a warrant to detain him. *See* C.R. at 26-39, 46. Although bail was set on the new criminal charges on April 17, 2018, Smeltzer did not post bail. *See* C.R. at 74. On December 31, 2018, Smeltzer pled guilty to the new criminal charges and was subsequently sentenced to 30 days to 6 months of incarceration in a county prison. *See* C.R. at 75, 132, 193. On April 12, 2019, the Board mailed Smeltzer a decision (Decision), therein denying him credit for his time at liberty on constructive parole and recalculating his maximum date as March 20, 2021. *See* C.R. at 161-162.

On June 17, 2019, Smeltzer completed a request for administrative relief (Administrative Relief Request) challenging the Decision, and mailed it to the Board with a June 21, 2019 postmark. *See* C.R. at 166-170. Smeltzer argued therein, *inter alia*, that he was entitled to credit for the time he served on constructive parole, and explained that his Administrative Relief Request was untimely due to erroneous information provided to him by prison staff. *See* C.R. at 169. On July 8, 2019, the Board mailed the Order dismissing Smeltzer's Administrative Relief Request as

---

[3] Smeltzer had been released on parole and reincarcerated at least once before this date; however, those dates are not relevant for purposes of this appeal.

untimely.[4]  *See* C.R. at 177-178.  Smeltzer appealed to this Court.[5]

Smeltzer contends that the Board erred in calculating his new maximum date by failing to credit him for time he spent on constructive parole.  The Board responds that it properly dismissed Smeltzer's Administrative Relief Request as untimely.

This Court has explained that "[t]he appeal process available to an inmate who seeks the recalculation of his maximum [] date is found [in Section 73.1(b)(1) of the Board's Regulations,] 37 Pa. Code § 73.1(b)(1)."  *Evans v. Pa. Dep't of Corr.*, 713 A.2d 741, 743 (Pa. Cmwlth. 1998).  Prisoners may petition for administrative relief within 30 days of the mailing date of the Board's decision.  *See* 37 Pa. Code § 73.1(b)(1).  "[P]etitions for administrative review which are out of time . . . will not be received."  37 Pa. Code § 73.1(b)(3).  Thus, when a prisoner

---

[4] On July 16 and 17, 2019, Smeltzer sent the Board correspondence objecting to the recalculated maximum date and requesting that his maximum date be corrected.  On August 19, 2019, the Board granted Smeltzer's request for relief and reversed the April 12, 2019 Decision "with regard[] to the max[imum] date . . . ."  C.R. at 224.  The response further notified Smeltzer: "If you wish to contest the new . . . max[imum] date, you may file an administrative appeal/petition for administrative review from the [B]oard action recorded August 19, 2019."  *Id.*  Smeltzer did not file an appeal therefrom.  The Board expounded in its brief:

> Despite properly dismissing Smeltzer's untimely [Administrative Relief Request], the Board subsequently corrected a calculation error and established the parole violation maximum date on his [O]riginal [S]entence as January 3, 2021.  Smeltzer did not file a request for administrative relief from the new decision or seek to amend his appellate petition for review.  Accordingly, any challenge to the current parole violation maximum date on Smeltzer's [O]riginal [S]entence is not properly before the [C]ourt.

Board Br. at 7.

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated."  *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

3

filing a request for administrative relief does not meet the 30-day deadline, the request will be dismissed as untimely.

Here, because the Board mailed its Decision on April 12, 2019, pursuant to Section 73.1(b)(1) of the Board's Regulations, Smeltzer's Administrative Relief Request had to be filed no later than May 12, 2019.[6] Smeltzer signed his Administrative Relief Request on June 17, 2019, *see* C.R. at 166, and mailed it to the Board on June 21, 2019. *See* C.R. at 170. Thus, the Administrative Relief Request was untimely. The Board did not address Smeltzer's explanation for his untimeliness in its Order.

Importantly, although Smeltzer raised the issue of the untimely filing of his Administrative Relief Request in his petition for review filed with this Court, Smeltzer does not address the Board's determination that the Administrative Relief Request was untimely, nor challenge the Board's failure to address his explanation for his untimeliness in its Order in his brief to this Court. The law is well settled that issues raised in a petition for review but not addressed in an appellate brief are waived. *See Yannone v. Town of Bloomsburg Code Appeal Bd.*, 218 A.3d 1002, 1009 (Pa. Cmwlth. 2019) (quoting *Aveline v. Pa. Bd. of Prob. & Parole*, 729 A.2d 1254 (Pa. Cmwlth. 1999)) ("[T]his Court will deem an issue abandoned where it has been identified on appeal but not properly developed in appellant's brief."); *see also*

---

[6] Consistent with Section 73.1(b)(1) of the Board's Regulations, the Decision informed Smeltzer that:

> THIS DECISION INVOLVES AN ISSUE THAT IS SUBJECT TO THE BOARD'S ADMINISTRATIVE REMEDIES PROCESS. FAILURE TO ADMINISTRATIVELY APPEAL THE DECISION MAY AFFECT YOUR LEGAL RIGHTS. **IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION**.

C.R. at 162 (citation omitted; bold emphasis added).

4

*Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875 (Pa. Cmwlth. 2012). Accordingly, Smeltzer waived the untimely filing issue.

For all of the above reasons, the Board's Order is affirmed.[7]

_____
ANNE E. COVEY, Judge

---

[7] Because this Court concludes that Smeltzer waived the timeliness issue on appeal, the Court need not address Smeltzer's substantive argument that the Board failed to credit him for time spent on constructive parole. Notwithstanding, the law is well-established that "[u]nder [Section 6138(a)(2) of the Prisons and Parole Code,] 61 Pa.C.S. § 6138(a)(2), a parolee's time under constructive parole is forfeited upon his recommitment as a convicted parole violator." *Spruill*, 158 A.3d at 730.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Clarence Smeltzer,        :
            Petitioner     :
                        :
         v.           :
                        :
Pennsylvania Board of Probation and  :
Parole,                   :    No. 1049 C.D. 2019
           Respondent   :

## O R D E R

AND NOW, this 19th day of August, 2020, the Pennsylvania Board of Probation and Parole's July 8, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge