IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Yeagley,                          :
                    Petitioner             :
                                           :    No. 794 C.D. 2019
            v.                             :
                                           :    Submitted:  February 7, 2020
Pennsylvania Board of                      :
Probation and Parole,                      :
                    Respondent             :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  January 27, 2021


            Theodore Yeagley (Yeagley) petitions for review of the May 17, 2019

order of the Pennsylvania Board of Probation and Parole (Parole Board)[2] that denied

his challenges to the timeliness of his revocation hearing, and the denial of credit for

the time he was on constructive parole.  Yeagley also contends that the Parole Board

failed to provide him with an evidentiary hearing on whether he was in custody or at

liberty during the time that he was on an approved home plan.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16 and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

Yeagley is currently an inmate at the State Correctional Institution (SCI) at Somerset. Yeagley was originally incarcerated at institution number DX-4240, due to his guilty plea in the Mercer County Court of Common Pleas, dated April 1, 1999, to one count of Burglary, and one count of Receiving Stolen Property, which resulted in a sentence of 2 years, 8 months, to 17 years, 4 months (DX-4240 Sentence). (Certified Record (C.R.) at 1.)

On May 23, 2008, Yeagley pled guilty in the Mercer County Court of Common Pleas to 10 counts of Theft by Deception to Create and/or Reinforce a False Impression and 1 count of Theft of Moveable Property, and was sentenced to a minimum of 39 months and a maximum of 7 years at institution number JM-0403 (JM-0403 Sentence). (C.R. at 10-11.)

On April 8, 2010, the Parole Board paroled Yeagley on his DX-4240 Sentence to a state detainer to commence service on the 39-month to 7-year state detainer JM-0403 Sentence. (C.R. at 5-9.) At the time of his parole on April 10, 2010, his maximum sentence date was calculated as March 12, 2021. (C.R. at 2.)

On May 20, 2014, the Parole Board released Yeagley on parole from the JM-0403 Sentence to an approved home plan at Penn Pavilion. (C.R. at 16-17.) He was successfully discharged from Penn Pavilion on September 17, 2014. (C.R. at 252.)

On June 1, 2015, Yeagley was arrested and charged by the New Wilmington Police Department with Theft by Unlawful Taking, Receiving Stolen Property, and Trespass by Motor Vehicle for events that occurred on March 26, 2015. (C.R. at 21-25.) He was confined in the Lawrence County Jail. (C.R. at 95.)

On July 23, 2015, the Parole Board declared Yeagley delinquent, effective May 19, 2015. (C.R. at 36.) On July 24, 2015, the Parole Board issued a Warrant to

Commit and Detain Yeagley due to his delinquency, seriousness of offenses, prior supervision failure and violations of parole. (C.R. at 37, 95.)

On August 24, 2015, the Grove City Police Department filed charges against Yeagley for Theft by Deception and Bad Checks relating to an incident which occurred on June 29, 2015. (C.R. at 39-42.) He was arrested on these charges on August 26, 2015, while he was confined at Lawrence County Jail. (C.R. at 88.)

On September 3, 2015, the Parole Board issued an administrative action to detain Yeagley pending the disposition of new criminal charges brought by the New Beaver Borough Police Department on August 24, 2015. (C.R. at 43.)

On November 3, 2015, Yeagley pled guilty to Theft by Unlawful Taking in the Mercer County Court of Common Pleas in relation to his June 1, 2015 New Wilmington Police Department charges. (C.R. at 44.) Also, on November 3, 2015, Yeagley pled guilty to the crime of Bad Checks in light of his August 24, 2015 Grove City Police Department charges. (C.R. at 45.) On December 18, 2015, Yeagley was sentenced by the Mercer County Court of Common Pleas to 6 months to 1 year of incarceration on his November 3, 2015 Theft by Unlawful Taking conviction to be served consecutively to his existing sentences. (C.R. at 46-61, 66.) On December 30, 2015, Yeagley was sentenced by the Mercer County Court of Common Pleas to 18 to 60 months of incarceration for his November 3, 2015 Bad Checks conviction to be served consecutively to his existing sentences. (C.R. at 71-72.)

On January 6, 2016, the Pennsylvania State Police (PSP) in Kittanning charged Yeagley with Theft by Unlawful Taking, Theft by Deception, Receiving Stolen Property, Bad Checks, and Unauthorized Use of a Motor Vehicle. (C.R. at 99-104, 128.) On January 13, 2016, Yeagley waived his right to a revocation hearing and admitted to being convicted of the crime of Theft by Unlawful Taking on November 3,

2015, and that this crime was committed while he was on parole. (C.R. at 107.) By a decision mailed February 24, 2016, the Parole Board recommitted Yeagley as a convicted parole violator to serve 24 months' backtime, when available, for committing the crime of Theft by Unlawful Taking while on parole. (C.R. at 117-18.) Yeagley's new maximum sentence date was calculated as August 1, 2026. (C.R. at 117.)

On March 1, 2016, bail was set, but not posted, on Yeagley's January 6, 2016, criminal charges. (C.R. at 128.) On August 2, 2016, Yeagley pled guilty to the January 6, 2016, Theft by Unlawful Taking charges filed by the PSP. (C.R. at 127-31.) On September 27, 2016, Yeagley was sentenced to 24 months to 84 months of incarceration for committing the crime of Theft by Unlawful Taking. (C.R. at 142-143.) He was given credit on that sentence for 211 days served from March 1, 2016, to September 27, 2016. (C.R. at 142-143.)

On June 2, 2016, Yeagley was again charged with the crime of Bad Checks, this time by the Beaver County Detective's Bureau. (C.R. at 123-126.) Yeagley did not post bail on these new charges. (C.R. at 137.) On October 5, 2016, Yeagley pled guilty to the June 2, 2016, Beaver County Bad Check charges. (C.R. at 139.) On that same date, Yeagley was sentenced by the Beaver County Court of Common Pleas to 3 to 12 months of incarceration. (C.R. at 137, 139, 161.)

On October 13, 2016, Yeagley signed a waiver of his revocation hearing and admitted to committing the June 2, 2016 crime of Bad Checks and Theft by Unlawful Taking while on parole. (C.R. at 171.) By a decision mailed February 14, 2017, the Parole Board recommitted Yeagley as a convicted parole violator to serve 12

4

months of backtime for committing the crimes of Theft by Unlawful Taking and Bad Checks. (C.R. at 181-82.)[3]

On April 27, 2017, the Pennsylvania State Police in Beaver County charged Yeagley with Theft by Unlawful Taking, Burglary, Criminal Trespass, Receiving Stolen Property, and Driving while Operating Privileges are Suspended, for an incident that happened on June 2, 2015. (C.R. at 27-32, 192-95.) On July 17, 2017, Yeagley was returned to the custody of the Department of Corrections. (C.R. at 196, 222.) On October 27, 2017, Yeagley was convicted of the crimes of Criminal Trespass and Theft by Unlawful Taking, and was sentenced on that same day by the Beaver County Court of Common Pleas to two to 5 years of incarceration and 1 year of probation. (C.R. at 197, 224.) On November 14, 2017, the Parole Board received official verification of Yeagley's Beaver County conviction. (C.R. at 204, 232.)

On February 5, 2018, Yeagley was served with a 257-N Notice of Charges and Hearing, giving Yeagley notice of his revocation hearing and the charges against him. (C.R. at 201.) On February 26, 2018, the Parole Board held a panel revocation hearing for Yeagley, where Yeagley appeared, represented by counsel. (C.R. at 207-21.) During the hearing, Yeagley's counsel argued that Yeagley did not receive a timely revocation hearing. Counsel did not dispute that the date that the Parole Board received "official verification" of Yeagley's Beaver County conviction was November 14, 2017. (C.R. at 215, 233.) Counsel argued, however, that the fact that Yeagley had been sentenced by video on October 27, 2017, meant that the Parole Board was aware

---

[3] On February 23, 2017, Yeagley filed a petition for administrative relief challenging the Parole Board's February 14, 2017 recommitment decision. (C.R. at 183-86.) On December 20, 2018, the Parole Board dismissed Yeagley's challenge to its February 14, 2017 recommitment decision. (C.R. at 255-57.) Yeagley did not appeal the Board's December 20, 2018 decision.

of Yeagley's Beaver County conviction on that date, and that October 27, 2017, should be the date that triggered the 120-day time period. (C.R. at 215.)

After the hearing, the Parole Board voted not to award Yeagley credit for the time spent at liberty on parole. By a decision recorded on August 24, 2018, and mailed September 5, 2018, the Parole Board recommitted Yeagley as a convicted parole violator to serve 12 months of backtime, when available, for committing the Beaver County crimes of Criminal Trespass and Theft by Unlawful Taking while on parole. (C.R. at 243-44.) The Parole Board recalculated Yeagley's maximum sentence date to May 6, 2028. (C.R. at 243-44, 258.) The Parole Board explained that the reason it did not award him credit for time spent on parole was due to his "repeated history" of similar offenses and he was considered "a threat to the safety of the community at this time." (C.R. at 240, 243-44.)

Yeagley filed an uncounseled administrative appeal, which was received by the Parole Board on November 2, 2018, challenging the extension of his maximum sentence date to May 6, 2028, the timeliness of his revocation hearing, and the denial of credit for the time he spent on constructive parole. (C.R. at 245-52.) Yeagley argued that he was not "at liberty on parole" from July 24, 2015, to his recommitment on July 22, 2017. (C.R. at 245.) He did not raise any argument with respect to his right to receive credit for the time he spent at Penn Pavilion.

By a decision mailed May 17, 2019, the Parole Board affirmed its decision mailed September 5, 2018. (C.R. at 262-63.) The Parole Board explained that the May 6, 2028 maximum sentence date reflected that Yeagley forfeited credit for all of the time he spent at liberty on parole. This included the period Yeagley was on constructive parole from his original DX-4240 Sentence, but serving his state detainer JM-0403 Sentence.

6

## Discussion

On appeal,[4] Yeagley argues that: (1) the Parole Board abused its discretion by not awarding him credit for his time he was on constructive parole; (2) he is entitled to an evidentiary hearing for the time he was at Penn Pavilion; and (3) his revocation hearing was held beyond the 120-day limit.

In support, Yeagley contends that he is entitled to credit on his original DX-4240 Sentence for the time he was released on parole from that sentence to his state detainer JM-0403 Sentence. He argues that since he was incarcerated in an SCI during the period from **April 8, 2010, until May 19, 2014**, he should receive a sentence credit for this time. He also argues that he is entitled to credit for the period from **August 6, 2015, to December 18, 2015**, while he was incarcerated on the Parole Board's warrant. Yeagley also argues that, despite his request, he has yet to receive an evidentiary hearing for the time he was at Penn Pavilion, from May 20, 2014, to September 17, 2014, to determine if the time was spent in custody or at liberty. Finally, Yeagley argues that his revocation hearing was untimely held. He contends that he was convicted and sentenced at a video hearing held on October 27, 2017, but did not receive a revocation hearing until February 26, 2018, which was one month past the 120-day period.

In response, the Parole Board argues that Yeagley is not entitled to sentence credit for the period from April 8, 2010, to May 19, 2014, because he was at liberty on parole from his original DX-4240 Sentence even while confined on his state detainer JM-0403 Sentence. With respect to Yeagley's request for credit from the

---

[4] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

7

period from August 6, 2015, to December 18, 2015, the Parole Board contends that it already provided him with 147 days' credit for this time. Regarding Yeagley's assertion that he is entitled to an evidentiary hearing for the time he was at Penn Pavilion from May 20, 2014, to September 17, 2014, the Parole Board argues that this argument has been waived due to Yeagley's failure to demonstrate where in the record he requested an evidentiary hearing for the time he was at Penn Pavilion. The Parole Board agrees, however, that should this Court find that Yeagley has preserved the issue, the appropriate remedy is to remand the matter to the Parole Board for a hearing. Finally, the Parole Board maintains that Yeagley's revocation hearing was timely. The Parole Board received official verification of Yeagley's new convictions on November 14, 2017. The Parole Board held a revocation hearing 104 days later, on February 26, 2018, which was well within the 120-day time period.

## Credit

Yeagley argues that he did not receive credit for all time he served while incarcerated. There are two periods of incarceration at issue in this case: April 8, 2010, to May 19, 2014, and August 6, 2015, to December 18, 2015.

Yeagley's argument that he is entitled to credit on his original DX-4240 Sentence, for the period from April 8, 2010 (when he was paroled on his original DX-4240 Sentence to a state detainer to commence service on the JM-0403 Sentence), until May 19, 2014, is without merit. The law is well-established that a parolee is not entitled to credit against his original sentence for time spent incarcerated on constructive parole for another sentence. *Medina v. Pennsylvania Board of Probation and Parole*, 120 A.3d 1116 (Pa. Cmwlth. 2015). Constructive parole occurs where an offender is released on parole from one sentence, but is not released from confinement, and then commences serving a second unrelated sentence. *Hines v. Pennsylvania Board of*

*Probation and Parole*, 420 A.2d 381, 383 (Pa. 1980); *Spruill v. Pennsylvania Board of Probation and Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017). The offender is considered to be "at liberty" from that first sentence despite being held in custody as a result of a separate and unrelated sentence. *Spruill*, 158 A.3d at 730. Our Supreme Court has stated, "one who is on constructive parole is at liberty on parole on that particular sentence, and is not entitled to credit against his original sentence for his time spent on constructive parole." *Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 (Pa. 1990).

The record demonstrates that on April 8, 2010, Yeagley was paroled from his original DX-4240 Sentence ***to his state detainer JM-0403 Sentence***. (C.R. at 5-9.) Thus, Yeagley was "at liberty on parole" from his original DX-4240 Sentence even though he remained incarcerated on his state detainer JM-0403 Sentence. Accordingly, the Parole Board properly denied Yeagley credit for the days he spent in confinement while on constructive parole and serving the JM-0403 Sentence.

Yeagley next argues that he did not receive credit for the 135 days he was incarcerated on the Parole Board's detainer from August 6, 2015, to December 18, 2015. This assertion is not in accord with the facts. The record demonstrates that on July 24, 2015 the Parole Board lodged its detainer against Yeagley. He was arrested for new criminal charges in the Court of Common Pleas of Mercer County at docket number 1003-2015, 1300-2015, and 477-2016, and in the Court of Common Pleas of Beaver County at docket number 1809-2019, and 1060-2017. He was first sentenced on December 18, 2015 to a county term, and he was last sentenced on October 27, 2017 at 1060-2017 to a term of state confinement. Based on these facts, the Parole Board awarded Yeagley backtime credit from July 24, 2015 to December 18, 2015 (147 days).

9

(C.R. at 258, 262.) The 135-day period August 6, 2015, to December 18, 2015, falls within this 147 days.

### Evidentiary Hearing

Next, Yeagley argues that he asked for an evidentiary hearing for the time he spent at Penn Pavilion from May 20, 2014, to September 17, 2014, to determine whether the time was "in custody" or "at liberty." (Yeagley's Br. at 8.) The Parole Board rejoins that Yeagley waived the issue because he has failed to demonstrate where in the record he requested such a hearing.

The law is well-settled that a parolee may be entitled to backtime credit for time spent in a residential facility where the inmate demonstrates that the residential facility's characteristics are equivalent to incarceration. *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985); *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691 (Pa. Cmwlth. 2009).

We have scoured the record. It appears that on January 18, 2018, Yeagley requested a hearing on the issue of "constructive parole," ***not*** on the restrictiveness of the approved home program at Penn Pavilion. (C.R. at 199, 241.) "If the issue is adequately raised in the administrative appeal, the Board is required to develop a record at a subsequent recommitment hearing and is required to make a factual determination as to the restrictiveness of the program." *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 36 (Pa. Cmwlth. 2006). Here, Yeagley did not request that the Board conduct a hearing to develop the record on whether the approved home plan program at Penn Pavilion was sufficiently restrictive to warrant granting a parolee credit for his time spent in that program. Therefore, he has waived this issue.

10

## Timeliness of Revocation Hearing

Yeagley argues that he did not receive a revocation hearing within 120 days of the date of sentencing on his Beaver County conviction in accordance with the Parole Board's regulation, 37 Pa. Code §71.4. He asks this Court to overturn the Board's February 26, 2018 revocation of his parole.

The Board's regulation provides that:

> A revocation hearing shall be held within 120 days from the date the Board received **official verification** of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level . . .

37 Pa. Code §71.4(1) (emphasis added).

Section 71.4(1) of the Board's regulations requires that a hearing be held within 120 days of receipt of the official verification of the guilty verdict. The Board received official verification of the guilty verdict in Yeagley's Beaver County conviction on November 14, 2017. The Parole Board held a hearing on February 26, 2018. The time that elapsed between the receipt of the verified guilty verdict and the date of the hearing was 104 days, which is indisputably within the 120-day time period prescribed by section 71.4(1) of the Parole Board's regulations.

For all the foregoing reasons, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Yeagley,          :
         Petitioner         :
                    :   No. 794 C.D. 2019
        v.              :
                    :
Pennsylvania Board of       :
Probation and Parole,       :
         Respondent     :

# ***ORDER***

AND NOW, this 27th day of January, 2021, the Pennsylvania Board of Probation and Parole's adjudication dated May 17, 2019, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge