Jason Brian Freeman, : 
               Petitioner : 
                                 : 
               v. : 
                                 : 
Pennsylvania Parole Board, :   No. 791 C.D. 2023
               Respondent :   Submitted: July 5, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: August 27, 2024

Jason Brian Freeman (Freeman) petitions this Court for review of the Pennsylvania Parole Board's (Board) June 28, 2023 decision affirming the Board's decisions recorded September 21, 2022 (mailed September 23, 2022), and March 14, 2023 (mailed March 21, 2023). Freeman presents one issue for this Court's review: whether the Board erred by failing to award him credit for all of the time he served exclusively on its warrant or while incarcerated. After review, this Court affirms.

Freeman is currently incarcerated at the State Correctional Institution (SCI) at Mahanoy.[1] On May 7, 2020, the Northampton County Common Pleas Court sentenced Freeman to serve 1 to 5 years of incarceration for Driving Under the Influence at an Unspecified Alcohol Level (Original Sentence). *See* Certified Record (C.R.) at 1. Freeman's Original Sentence maximum release date was March

---

[1] https://inmatelocator.cor.pa.gov/#/Result (last visited Aug. 26, 2024).

24, 2024. *See id.* Thereafter, Freeman was sentenced to a concurrent 3-year flat sentence in New Jersey for resisting arrest, for which New Jersey issued a detainer. *See id.*

On February 1, 2021, the Board granted Freeman parole from his Original Sentence, subject to the detainer. *See* C.R. at 4, 6. As conditions of his parole, Freeman consented, *inter alia*, upon release from his New Jersey detainer to refrain from assaultive behavior (#5C), and not to consume or possess alcohol under any condition or for any reason (#7). *See* C.R. at 7.

Freeman also agreed to the following parole conditions:

If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody[] pending disposition of those charges, even though you may have posted bail or released on your own recognizance from those [new] charges.

If you violate a condition of your parole/reparole and, after an appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 9. On March 8, 2021, the Board released Freeman to his New Jersey detainer. *See* C.R. at 7. New Jersey released Freeman on July 7, 2021.[2] *See* C.R. at 12.

On September 14, 2022, the Susquehanna Township Police Department arrested Freeman for Simple Assault (M2) and Resisting Arrest (M2) (New

---

[2] Freeman asserts that he was released on July 11, 2021; however, he signed special conditions effective July 7, 2021, upon his release from New Jersey. *See* C.R. at 12.

Charges). *See* C.R. at 28. The Dauphin County Common Pleas Court (Common Pleas) set Freeman's bail at $10,000.00, which he did not post. *See* C.R. at 33. On that same date, the Department of Corrections (DOC) issued a warrant to commit and detain Freeman for technical parole violations because of his New Charges. *See* C.R. at 18.

On September 21, 2022, the Board recommitted Freeman as a technical parole violator (TPV) to serve 6 months of backtime and detained him for the New Charges. *See* C.R. at 19. Specifically, Freeman violated the following Board conditions: #5C failure to refrain from assaultive behavior and #7 consumption of alcohol. *See id.*

On February 8, 2023, Freeman pleaded guilty to two counts of simple assault (M2) and resisting arrest (M2). *See* C.R. at 34. Common Pleas sentenced Freeman to a maximum term of 4 months of incarceration. *See* C.R. at 38. On February 13, 2023, Freeman waived his parole revocation hearing and his right to representation by counsel. *See* C.R. at 25. He also admitted to his convictions. *See id*. On March 14, 2023, the Board recommitted Freeman as a convicted parole violator (CPV) to serve 24 months of backtime to run concurrently with the 6 months of backtime previously imposed for his technical parole violations. *See* C.R. at 55. The Board recalculated Freeman's Original Sentence maximum release date to January 30, 2026. *See id*.

Freeman, pro se, timely filed two administrative remedies forms. Kent D. Watkins, Esquire (Counsel) filed a third administrative remedies form on Freeman's behalf on April 11, 2023. *See* C.R. at 64. By letter dated and mailed June 28, 2023, the Board affirmed the decisions mailed on September 23, 2022, and

March 14, 2023, and denied Freeman's appeal. *See* C.R. at 64-66. Freeman appealed to this Court.[3]

Freeman first argues that the Board failed to give him credit for the time he served in New Jersey. Specifically, Freeman contends that after he was paroled on March 8, 2021, he was extradited to New Jersey where he remained until July 11, 2021. Freeman asserts:

> The certified record contains no information on [Freeman's] New Jersey conviction for resisting arrest. ([C.R. at] 1). The fact that it is set forth as a flat [3-]year sentence indicates it was a probationary sentence running concurrent to the Northampton County sentence. There is no information as to whether a [Board] warrant was issued concerning the New Jersey charges. [Freeman] alleges that when he was paroled on March 8, 2021[,] he was extradited to New Jersey where he remained incarcerated until July 11, 2021. ([C.R. at] 58). The certified record does not contain the [DOC's] moves report.

Freeman Br. at 9-10. The Board rejoins that because Freeman was serving a subsequent, concurrent sentence in New Jersey, he was on constructive parole from his Original Sentence. The Board declares that as a CPV, Freeman is not entitled to credit for time spent on constructive parole.

> This Court has explained:
>
> A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence. *See Merritt v.* [*Pa.*] [*Bd.*] *of Prob*[*.*] [*&*] *Parole*, . . . 574 A.2d 597, 598 ([Pa.] 1990); *Hines v.* [*Pa.*] [*Bd.*] *of Prob*[*.*] [*&*] *Parole*, . . . 420 A.2d 381, 383 ([Pa.] 1980). Where an individual has been constructively paroled, "he is nonetheless 'at liberty' from the original sentence from

---

[3] This Court's "review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence." *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1255 n.7 (Pa. Cmwlth. 2022).

4

the time he begins to serve the new sentence." *Bowman v. [Pa.] [Bd.] of Prob[.] [&] Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998). Under [Section 6138(a)(2) of the Prisons and Parole Code (Code),] 61 Pa.C.S. § 6138(a)(2),[4] a parolee's time under constructive parole is forfeited upon his recommitment as a [CPV]. *Bowman*, 709 A.2d at 948.

*Spruill v. Pa. Bd. of Prob. & Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017) (footnote omitted).

Here, Freeman's Sentence Summary reveals that, on August 21, 2020, he was sentenced to a 3-year concurrent sentence for resisting arrest in New Jersey.[5] *See* C.R. at 1. Thus, when Freeman was paroled from his Original Sentence to serve his New Jersey sentence, he was on constructive parole from his Original Sentence.

[W]hen calculating a sentence . . . , only time spent in custody serving that sentence is considered time served. . . . As a result, a [CPV] is not entitled to credit for time spent on constructive parole from his sentence while continuing to serve another concurrent sentence because he is not serving the time on his sentence from which he was paroled.

*Spruill*, 158 A.3d at 731. "Because [Freeman] could not serve his [Original S]entence while simultaneously being at liberty from it, his time served under the [New Jersey] detainer cannot be credited toward that [Original S]entence." *Id.* Accordingly, Freeman is not entitled to credit for his time served in New Jersey.

Freeman next argues that because he was already recommitted as a TPV for assaultive behavior, he could not be recommitted as a CPV based on the same facts. Citing *Rivenbark v. Pennsylvania Board of Probation & Parole*, 501 A.2d

<hr>

[4] Section 6138(a)(2) of the Code provides, in pertinent part, that a parolee who is recommitted as a CPV "shall be recommitted to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2).

[5] The Sentence Summary belies Freeman's claim that the 3-year sentence was probationary. Page three thereof contains a specific heading for "NON-INCARCERATED OFFENSES" and the only offense listed is damage to unattended property. C.R. at 3.

1110 (Pa. 1985), Freeman contends that the state cannot recommit an inmate as both a TPV and a CPV for the same circumstances. Specifically, Freeman contends that, here, because he was already recommitted as a TPV for assaultive behavior, he cannot then be recommitted as a CPV based on his assault conviction for the same act.

The Board rejoins that because Freeman did not raise the *Rivenbark* issue during his initial hearing before the Board, he cannot do so for the first time before this Court. The Board cites *McCaskill v. Pennsylvania Board of Probation & Parole*, 631 A.2d 1092 (Pa. Cmwlth. 1993), to support its position. Specifically, the Board maintains that because Freeman waived his violation hearing, he did not raise any issues before the Board. The Board further retorts that Freeman waived this issue because he did not raise it in his administrative remedies forms or his Statement of Questions Involved in his brief to this Court.

In Freeman's first administrative remedies form, which the Board received on November 17, 2022, he raised, pro se, the constructive parole issue. *See* C.R. at 57-58. In his second administrative remedies form, which the Board received on April 6, 2023, Freeman raised, pro se, three issues: (1) whether his backtime was excessive; (2) whether he received a sanction for his technical parole violation; and (3) whether he received credit for his time served in New Jersey, i.e., the constructive parole issue. *See* C.R. at 60. In his third administrative remedies form, which the Board received on April 11, 2023, Freeman raised, through Counsel, one issue: whether the Board failed to give Freeman credit for all time spent exclusively on the Board's warrant and while incarcerated. *See* C.R. at 62. In his Statement of the Questions Involved, Freeman raised, through Counsel, one issue: whether Freeman was given credit for all time spent exclusively on the Board's warrant and while incarcerated. *See* Freeman Br. at 4.

6

"It is well settled that 'issues not raised by a CPV before the [B]oard in an administrative appeal are waived for purposes of appellate review by this [C]ourt.' *McCaskill . . .*, 631 A.2d [at] 1094-95 . . . ." *Mesko v. Pa. Bd. of Prob. & Parole*, 245 A.3d 1174, 1179-80 (Pa. Cmwlth. 2021). Further, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Here, because Freeman did not raise the issue of whether he could be convicted as a TPV and a CPV for the same act before the Board or in his administrative remedy forms, and it was not included or fairly suggested by his Statement of Questions Involved, it is waived.[6]

Freeman's only remaining claim is that the Board erred by failing to award him credit for all the time he served exclusively on its warrant.

> This Court has explained: "The general rule governing the allocation of credit for time served awaiting disposition of new criminal charge[s] was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation [&] Parole*, . . . 412 A.2d 568 ([Pa.] 1980)." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). Pursuant to *Gaito*, "this Court consistently held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied [on the new criminal charge], must be applied toward the new sentence, and not to the original sentence." *Armbruster*, 919 A.2d at 352.

---

[6] This Court notes that Freeman couched this argument to make it fit within his preserved claim by arguing that the Board did not give him credit for the time he was recommitted as a TPV. However, since the issue of whether a parolee can be recommitted as a TPV and a CPV for the same act is not the same as whether a parolee received credit for time he served as a TPV, this issue is not included or fairly suggested by Freeman's preserved issue. Further, when the Board recommitted him as a TPV on September 21, 2022, it did not adjust Freeman's Original Sentence maximum release date, which remained March 24, 2024, as it was when he was initially paroled. The Board did, however, recalculate Freeman's Original Sentence maximum release date upon his recommitment as a CPV. Moreover, at the time Freeman was recommitted as a TPV, he was in custody on both the Board's warrant and his New Charges. Thus, Freeman did not serve any time when he was recommitted as a TPV for which he could receive credit.

7

*Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 674 (Pa. Cmwlth. 2018) (footnotes omitted).

> However,
>
> [i]n *Armbruster*, 919 A.2d at 355, this Court opined that *Martin* [*v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003),] holds that where a parole violator is detained "on both the Board's warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration **exceeds** the maximum term of the new sentence, the credit must be applied to the offender's original sentence." *Id.* (emphasis in original).

*Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 393 (Pa. Cmwlth. 2019).

> Here, the Board explained:
>
> [O]n September 14, 2022, Freeman was arrested [on the New C]harges by local authorities in Dauphin County, bail was set to $10,000[.00] monetary which he failed to post, and [DOC] lodged its detainer that same day. On February 8, 2023, Freeman pled guilty to Simple Assault (M2) and Resisting Arrest (M2), and he was sentenced to a maximum term of incarceration of [4] months. Based on these facts, Freeman is not entitled to credit on his [O]riginal [S]entence from September 14, 2022[,] because he did not post bail on the [New Charges], and was therefore not held solely on the DOC's warrant. *Gaito . . . .* However, because Freeman served in excess of the maximum period on the [New Charges], he is entitled to credit for 25 days on his Original Sentence from January 14, 2023 ([September 14,] 2022 + 4 months)[,] to February 8, 2023 (the sentencing date). *Martin . . . .* Thus, Freeman was left with 1,112 - 25 = 1,087 days to serve on his [O]riginal [S]entence. . . . Adding 1,087 days to February 8, 2023[,] yields a recalculated maximum date of January 30, 2026.

C.R. at 65. Here, Freeman was never held exclusively on the Board's warrant and the Board properly awarded Freeman the 25 days to which he was entitled under

8

*Martin*.  Accordingly, the Board did not fail to award Freeman credit for all the time he served exclusively on its warrant.

Based on the foregoing, the Board's decision is affirmed.


_____
ANNE E. COVEY, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Brian Freeman,                    :
                    Petitioner          :
                                        :
        v.                              :
                                        :
Pennsylvania Parole Board,              :    No. 791 C.D. 2023
                    Respondent          :

## O R D E R

AND NOW, this 27th day of August, 2024, the Pennsylvania Parole Board's June 28, 2023 decision is affirmed.

_____
ANNE E. COVEY, Judge